Agnes, A.J.
I. Introduction
Defendant Ronald Morris (“Defendant”) has pled guilty to two counts of rape of a child (G.L.c. 265, §23) and two counts of indecent assault and battery on a child under the age of 14 (G.L.c. 265, §13B). During the plea colloquy, he was advised that one of the consequences of pleading guilty was that he could be on parole for the remainder of his life pursuant to the Massachusetts Community Parole Supervision for Life Law, codified in G.L.c. 265, §45, G.L.c. 275, §18, and G.L.c. 127, §133D. These statutes are reproduced in the Appendix to this decision. Defendant has filed a motion asking the court not to impose lifetime parole. The defendant’s motion attacks the validity of the statutory scheme, but it does not offer the court any evidence of mitigating factors. See G.L.c. 275, §18.
II. Factual Background
A. Facts Concerning the Offense
The victim is a young female neighbor, who was six years of age at the time of the offense. The defendant and the child’s mother had a relationship prior to the *594 offense, but the extent of that relationship is unclear. In any case, the defendant regularly would care for the child when the mother could find no other supervision. It was during one of these occasions that the sexual assaults occurred. The offense occurred sometime between May 7, 2002 and June 17, 2002. Defendant is alleged to have performed oral sex upon the victim, and to have engaged in sexual intercourse with her.
B. The Presentence Investigation
Following the defendant’s plea of guilty, the court ordered a Presentence Investigation by the probation department. See Commonwealth v. Goodman, 414 Mass. 88, (1993). The report contains the defendant’s personal information and histoiy, witness accounts, and police reports. From the presentencing report, it is clear that the defendant has a histoiy of improper relationships with children, but a relatively minor record of criminal convictions. The defendant has received sex offender therapy prior to the offense, and while he was never convicted of sexual offenses, he was on a five-year term of pretrial probation. See G.L.c. 276, §87. The defendant was alleged to have forced a child to perform oral sex on him sometime in 1995. Defendant was approaching the conclusion of (but had not yet completed) his five-year term of probation at the time of the offenses in this case. The recommendation of the probation department is that community parole supervision for life is appropriate for this defendant.
III. Discussion
1. Overview of Law Regarding Community Parole Supervision for Life.
In 1999, Massachusetts followed the lead of many other jurisdictions and adopted a series of statutes providing for lifetime parole following the sentence otherwise imposed in certain cases involving sexual offenses. See St. 1999, c. 74. The statute is entitled “An Act Improving the Sex Offender Registiy And Establishing Civil Commitment And Community Parole Supervision for Life for Sex Offenders.” In section one, the legislature finds that protection of the public from sex offenders is of paramount interest to the government. St. 1999, c. 74, §1. The portion of chapter 79 dealing with Community Parole Supervision for Life consists of three statutes: G.L.c. 127, §133D, G.L.c. 265, §45, and G.L.c. 275, §18. Communiiy parole supervision for life is described in G.L.c. 127, §133D. “An individual sentence to lifetime parole shall be subject to the jurisdiction of the parole board for the term of the sentence ... [A] person serving such sentence of community parole supervision for life shall be subject to the provisions of law governing parole as if such person were a parolee.” G.L.c. 127, §133D. The statute provides that “the parole board shall impose terms and conditions for such sentence within 30 days prior to the commencement of community parole supervision [and] such terms and conditions may be revised, altered and amended by the parole board at any time.” G.L.c. 127, §133D(a). The statute defining lifetime parole also provides that the parole board has the dual responsibility of “protecting the public from such person committing a sex offense or kidnaping as well as promoting the rehabilitation of such person.” G.L.c. 127, §133D(a). Thus, the parole board has the authority to require the offender to attend sex offender treatment. G.L.c. 127, §133D(a). An offender subject to lifetime parole has a right to a hearing after fifteen years to determine if the term of parole should be terminated. See G.L.c. 127, §133D(a), (b). The burden of proof is again on the offender to establish that community parole supervision should be terminated. G.L.c. 127, §133D(b)(4).
If an individual violates the terms of parole, the violator is subject to a punishment. If the alleged violation does not constitute a separate crime, the law provides for an escalating series of house of correction sentences that the defendant is required to serve upon a determination by the parole board that a violation did occur (30 days, 180 days and one year). If the alleged violation is a crime and the defendant is found in violation of parole, the law provides that the penalty established for the parole violation shall be served from and after the sentence imposed on the new offense. The parole board is limited to determining whether a violation of the lifetime parole has occurred. The statute does not purport to give the parole board the power to determine the appropriate punishment for a violation.[1]
The defendant maintains, as discussed below, that certain aspects of the laws establishing á program of lifetime parole are insolubly ambiguous. However, in interpreting these laws we must follow established principles for the construction of statutes. The function of a court “in interpreting any statute is to ascertain ‘the intent of the legislature, as evidence by the language used, and considering the purposes and remedies intended to be advanced.’ ” Redgrave v. Boston Symphony Orchestra, Inc., 399 Mass. 93, 98 (1987), quoting Glasser v. Dir. Division of Employment Sec., 393 Mass. 574, 577 (1988). “Where, as here, two readings of the statute are possible, we choose the reading that best comports with the statute’s apparent intent and purpose, and we reject areading that would hobble the statute’s effectiveness. The construction of a statute which leads to a determination that a piece of legislation is ineffective will not be adopted if the statutory language ”is fairly susceptible to a construction that would lead to a logical and sensible result."’ Adamowicz v. Ipswich, 395 Mass. 757, 760 (1985), quoting Lexington v. Bedford, 378 Mass. 562, 570 (1979). ‘If a liberal, even if not literally exact, interpretation of certain words is necessary to accomplish the purpose indicated by the words as a whole, such interpretation is to be adopted rather than one which will defeat the purpose.’ North Shore Realty Trust v. Commonwealth, 434 Mass. 109, 112 (2001), quoting Champigny v. Commonwealth, 422 Mass. 249, 251 *595 (1996)." Lindsay v. Department of Social Services, 439 Mass. _, _ (2003).
Offenders convicted of sexual offenses subject to lifetime parole under this statutory scheme fall into three categories. The first category consists of repeat offenders. A prior conviction of any of the enumerated offenses requires the imposition of lifetime parole without exception. “Any person convicted of violating [the enumerated offences], after one or more prior convictions of [the enumerated offenses] shall ... be punished by a term of community parole supervision for life.” G.L.c. 265, §45. This case doesn’t involve this category of offenders.[2]
The second category of offenders is comprised of offenders convicted of the most serious sexual offenses, such as rape and abuse of a child in violation of G.L.c. 65, §23.[3] A convicted offender in this category “shall, except as provided for in section 18 of chapter 275, and in addition to the term of imprisonment authorized by such section, receive a sentence of community parole supervision for life.” G.L.c. 265, §45. The defendant has been convicted of an offense within this category.
The third category of offenders consists of persons convicted of sexual offenses not included in categories one and two, such as indecent assault and battery on a child under the age of 14.[4] Conviction of any of these offenses does not require the imposition of lifetime parole. However, “the district attorney, upon motion to the court, may request a hearing after conviction and before sentencing, to determine whether or not such person shall be committed, [] to community parole supervision for life.” G.L.c. 275, §18. Here, the defendant has been convicted of certain crimes within this category, but the Commonwealth has not moved to impose lifetime parole as punishment for these offenses.
With respect to persons in category one, the conviction itself triggers and requires the court to impose lifetime parole as a component of the sentence. See G.L.c. 265, §45 (lifetime parole required in all cases in which individuals have been convicted in the past of any one of the enumerated offenses).
With respect to category two, a fair reading of the statute is that lifetime parole is a required component of the sentence unless the defendant can make a showing that there are mitigating circumstances present.[5] If the defendant makes the required showing, either by offering evidence or pointing to evidence that otherwise is before the court, the defendant has the right to a hearing where, represented by counsel, “he shall be afforded an opportunity to testify, to present witnesses, to cross examine witnesses who appear at the hearing, and to present information.” G.L.c. 275, §18. At this hearing, the defendant has the burden of establishing, by a standard of clear and convincing evidence, that mitigating circumstances exist and that the sentence, therefore should not include lifetime parole.[6]
Some questions exist about the proper interpretation of the statute with respect to the third category of offenders. It would appear that in such cases the sentencing judge is called upon to determine whether, by the standard of clear and convincing evidence, aggravating factors exist.[7] This could result in a violation of the principle enunciated in Apprendi v. United States, 530 US 466, 490 (2000) (“Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the statutory maximum must be submitted to a jury and proved beyond a reasonable doubt”). See Commissioner v. Quincy Q., 434 Mass. 859, 865-67 (2001). There also is a question of whether the judge may impose lifetime parole for this category of offenders without a motion filed by the district attorney. There is no occasion to examine these possibilities any further because the Commonwealth has not requested lifetime parole on the defendant’s two convictions of indecent assault and battery on a child under the age of 14. See Manor v. Superintendent, MCI Cedar Junction, 416 Mass. 820, 824 (1994).
2. Defendant’s Constitutional Claims
In considering the various challenges to the validity of the lifetime parole scheme adopted by the Legislature, we are mindful that the defendant bears a heavy burden in overcoming the presumption of constitutionality. See Longval v. Superior Court Department, 434 Mass. 718, 721 (2001), and cases cited.
A. Defendant’s Separation of Powers Arguments
The defendant raises two claims in support of his argument that the imposition of Community Parole Supervision for Life constitutes an unlawful delegation of power in contravention of Article 30 of the Massachusetts Declaration of Rights and the Constitution of the United States. Defendant first argues that G.L.c. 275, §18 grants the judiciary a traditionally executive function in imposing parole. Parole is a form of punishment. Parole Board v. Brusgulis, 403 Mass. 1010, 1011 (1989). Our constitution assigns to the Legislature the power to establish the punishment for criminal violations. Commonwealth v. Jackson, 369 Mass. 904, 922 (1976). “The Legislature’s power to proscribe conduct and prescribe penalties is reasonably based and its judgment is to be accorded due respect.” Opinion of the Justices, 378 Mass. 822, 830 (1979). Thus, the legislature has not unlawfully delegated any executive power in determining that one of the punishments for certain crimes will be lifetime parole. Contrast, State v. Wagstaff, 794 P.2d 118 (Ariz. 1990) (illustration of statute that unlawfully delegated parole power and functions to the judiciary).
Defendant argues in the alternative that the statutory scheme violates Article 30 by unlawfully delegat *596 ing judicial power to the executive branch, namely, the parole board. As the parole board has been given the authority to set the conditions of a defendant’s parole, the defendant argues that the parole board, an arm of the executive branch, is being given the judicial function of sentencing. Moreover, the defendant submits that because the board has the authority to incarcerate an individual due to a violation of parole, this too impermissibly offends the separation of powers.
The defendant’s argument appears to rest on a distinction between a term of parole that is imposed as part of the sentence, and parole granted to a prisoner by the parole board. Otherwise, the defendant would be challenging the entire parole system, a scheme long held constitutional. The distinction, however, is without significance. Under the statute in question, the parole board has no role in determining whether a person convicted of a crime should be subject to lifetime parole. That decision is based solely on the nature of the crimes of which the defendant is convicted, and a decision by the sentencing judge.
B.Defendant’s Double Jeopardy and Due Process Argument
The defendant also argues that the imposition of Community Parole Supervision for Life constitutes a violation of the Double jeopardy prohibition and the defendant’s right to Due Process. The defendant argues that as he maybe forced to serve additional terms of imprisonment due to possible future violations of his parole after completing his initial sentence of incarceration, and that subsequent imprisonment would constitute a second punishment for the same offense. Moreover, the defendant argues that a parole hearing is afforded only a diminished version of his due process rights.
In a similar mandatory parole scheme, the federal Controlled Substance Act of 1970, 21 U.S.C. §841(b), provides for a special term of parole to be imposed, and repeatedly has been held constitutional. For example, Garcia v. United States expressly holds that double jeopardy does “not bar Congress from enacting a two component, statutory scheme to punish a single offense.” 769 F.2d 697, 699 (11th Cir. 1985).
The defendant’s due process claim must fail as well. A defendant subject to lifetime parole is still afforded the process due to any other individual on parole. This includes a preliminary and final hearing with written notice of the claimed violations, disclosure of the evidence against him, an opportunity to be heard in person and to present witnesses and documentary evidence, the right to confront and cross-examine witnesses, a neutral and detached hearing body, and a written statement by the fact finder as to the evidence relied on and reason for revoking parole. See G.L.c. 127, §133D, Commonwealth v. Pulieo, 433 Mass. 39, 43 n.7 (2000), citing Morrissey v. Brewer, 408 US 471, 489 (1972).[8] Furthermore, the decisions are appealable. Parole Board v. Brusgulis, supra, 403 Mass. at 1011.[9]
C.Defendant’s Claim that the Statute Is Unconstitutionally Vague.
Defendant further claims that G.L.c. 275, §18 “lends itself to two plausible yet inconsistent interpretations.” Defendant’s Motion in Opposition to Lifetime Parole, at 6. Specifically, the defendant points to the language prescribing the burden of proof, which at one point suggests that imposition of Community Parole Supervision for Life must be supported by clear and convincing evidence, and at another point suggests that a judge should not impose Community Parole Supervision for Life if he/she finds by clear and convincing evidence that it should not be imposed.[10] Defendant contends that these burdens are irreconcilable and thus the statute is unconstitutionally vague.
Under the lifetime parole statutes, it is the origin of the petition which determines where the burden of proof falls. For a first conviction of certain offenses,[11] such as indecent assault and battery on a child under the age of 14, the district attorney may petition the court for a hearing to determine if Community Parole Supervision for Life shall be imposed. G.L.c. 275, §18. In this situation the court must determine by clear and convincing evidence that the existence of aggravating factors exists and that lifetime parole should be imposed. The district attorney has the burden of proof. Should the first-time conviction involve a more serious offense such as rape of a child,[12] lifetime parole may not be imposed unless the defendant carries the burden of establishing the existence of mitigating circumstances. This interpretation alleviates any conflict in the statute’s language, serves to render the various statutes a harmonious whole, and avoids a construction of the statutes that would lead to an absurd and unreasonable conclusion. See McCarthy v. Woburn Housing Authority, 341 Mass. at 539 (1960); Berube v. Selectmen of Edgartown, 336 Mass. 634, 639 (1958).
D.Standard for Deciding Motions to Dispense With Lifetime Parole
Defendant also raises a question regarding the clear and convincing standard of proof. Specifically, defendant argues that the statute makes no reference to precisely what must be established by clear and convincing evidence.[13] Where the defendant as been convicted of crimes that require, as in this case, the imposition of a sentence that includes lifetime parole, the statute imposes on the defendant an initial burden of production to show “the elements of [the crime] are mitigated by certain circumstances.” G.L.c. 275, §18. This is not a unique feature of criminal procedure in Massachusetts; there are other circumstances where it is settled that the defendant has the burden of production. See e.g., Commonwealth v. Crawford, 429 Mass. 60, 65 (1999) (citations omitted); Commonwealth v. O’Brien, 423 Mass. 841, 849 (1996); Com *597 monwealth v. Tuitt, 393 Mass. 801, 810 (1985); Commonwealth v. David, 365 Mass. 47, 54 (1974); Commonwealth v. Kingston, 46 Mass.App.Ct. 444, 450 (1999). Furthermore, once the defendant’s guilt of a felony level sex offense such as rape of a child has been established beyond a reasonable doubt as a result of a trial or plea of guilt, and the defendant is before the court for sentencing, the constitution does not prohibit a legislatively mandated penalty such as lifetime parole. Therefore, there can be no fundamental constitutional problem with a statute that makes such a penalty the default position and which also provides an exception in cases in which the existence of mitigating facts is established by the defendant. See United States v. Tom, 330 F.3d 83 (1st Cir. 2003); United States v. Martinez-Vargas, 321 F.3d 245 (1st Cir. 2003); United States v. Plumley, 207 F.2d 1086, 1090 (8th Cir. 2000).[14]
When the legislature provided in G.L.c. 275, §18 that the court may “consider any mitigating or aggravating circumstances,” in addition to the factors set forth in the statute, G.L.c. 275, §18 (“any mitigating or aggravating circumstances including, but not limited to, the defendant’s character, propensities, criminal record, the nature and seriousness of the danger posed to any person or the community and the nature and circumstances of the offense for which the defendant is convicted”), it is logical to assume that it intended the court to refer to the nonexclusive list of mitigating factors found in the Massachusetts Sentencing Act.[15] See generally, Commonwealth v. O’Keefe, 48 Mass.App.Ct. 566, 568 (2000); Building Inspector of Mansfield v. Curvin, 22 Mass.App.Ct 401, 403 (1986), quoting from Webster v. Board of Appeals of Reading, 349 Mass. 17, 19 (1965).
Conversely, in a case where a defendant has been convicted of a crime in the category of offenses where lifetime parole is not mandatory and the motion must be filed by the district attorney (which is not the case before this court), it is logical to assume the Legislature intended that the Commonwealth has the burden of establishing the existence of “aggravating factors,” as defined by the Massachusetts Sentencing Act, by clear and convincing evidence.
F. Defendant’s Claim That the Statute Violates the Holding in Apprendi v. United States
Defendant argues that as the sentencing judge will consider aggravating or mitigating circumstances in the decision to impose lifetime parole, G.L.c. 275, §18 violates the Supreme Court decision holding in Apprendi v. United States, “Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the statutory maximum must be submitted to a jury and proved beyond a reasonable doubt.” 530 US 466, 490 (2000); accord, Commonwealth v. Moses, 436 Mass. 598, 606 (2002); Commonwealth v. Deberry, 57 Mass.App.Ct. 93, 95 (2003).
Apprendi is inapplicable here. As explained above, an offender found guilty of the rape of a child in violation of G.L.c. 265, §23 shall be subject to lifetime parole, unless the defendant can establish by clear and convincing evidence the existence of mitigating circumstances. The sentencing judge in a case such as this is not called upon to make any finding of fact that would increase the punishment. In this case, the court is only required to consider facts that could reduce the sentence, not facts that could increase the sentence. Contrast, State v. Grossman, 636 N.W.2d 545 (Minn. 2001). Furthermore, the maximum sentence for rape of a child is “imprisonment in the state prison for life or for any term of years.” G.L.c. 265, §23. Any finding or considerations made by the sentencing judge will not increase the defendant’s exposure.
ORDER
For all the forgoing reasons, the defendant’s motion is DENIED. No evidence of mitigating factors was offered in this case, and I do not find by the standard of clear and convincing evidence that there are any mitigating circumstances in this case. Under G.L.c. 275, §18, in a case such as this where a sentence of lifetime parole is required unless “the elements of [the crime] are mitigated by certain circumstances,” the defendant bears both the burden of production and the burden of proof. The burden of production requires the defendant to meet an initial threshold requirement by offering or pointing out evidence that the crime is mitigated by certain circumstances such as those contained in the nonexclusive list of factors set forth in G.L.c. 211E, §3(d). See G.L.c. 275, §18 ¶2. The burden of proof requires that the defendant prove “by clear and convincing evidence, that no reasons for community parole supervision for life ... exist.” G.L.c. 275, §18 ¶3.
Based on a consideration of all the facts and circumstances surrounding the offense, the defendant’s prior record, and the Presentencing Investigation, the sentence in this case shall consist of the following; Concurrent state prison terms of five years to five years and a day on the two rape of a child counts, to be followed by community parole supervision for life, commencing immediately upon the defendant’s release from his term of imprisonment. The two indecent assault and battery of a child under the age of 14 will be punished by concurrent five-year terms of probation, to be served on and after the conclusion of the defendant’s term of incarceration on the rape of a child convictions.
APPENDIX
G.L.c. 127, §133D. Community parole supervision for life, (a) A person upon whom a sentence of community parole supervision for life has been imposed under Section 45 of chapter 265 shall be subject to the jurisdiction of the parole board for the term of such sentence. Except as otherwise provided in this section, a person serving such sentence of community parole *598 supervision for life shall be subject to the provisions of law governing parole as if such person were a parolee. The parole board shall impose terms and conditions for such sentence within 30 days prior to the commencement of community parole supervision. Such terms and conditions may be revised, altered and amended by the parole board at any time. A person under community parole supervision for life shall be under the jurisdiction, supervision and control of the parole board in the same manner as a person under parole supervision. The board is authorized to establish such conditions of community parole supervision for life, on an individual basis, as may be necessaiy to ensure public safety. Such conditions may include protecting the public from such person committing a sex offense or kidnapping as well as promoting the rehabilitation of such person. Such conditions shall include sex offender treatment with a recognized treatment provider in the field for as long as the board deems necessaiy, and compliance with the requirements of sections 178C to 178P, inclusive, of chapter 6. The board is authorized to impose and enforce a supervision and rehabilitation fee upon a person on community parole supervision. To the extent possible, without reducing a parolee’s income to such an extent that the potential for successful community reintegration is diminished, the board shall set such fee in an amount that will substantially defray the cost of the community parole supervision program. The board shall also establish a fee waiver procedure for hardship and indigency cases, (b)(1) Notwithstanding the board’s authority to issue a certificate of termination of sentence under Section 130A, after a person sentenced to community parole supervision has been on such supervision for a period of 15 years, such person may petition the board for termination of community parole supervision. Such termination may only occur by a majority vote of all the members. Upon receiving such a petition, the board shall, within 60 days, conduct a hearing before the full membership. At least 30 days prior to a hearing on the petition, the board shall cause a criminal history check to be conducted and notify in writing the victims of the crime for which the sentence was imposed, the attorney general, the district attorney in whose district the sentence was imposed, the chief of police or head of the organized police department of the municipality in which the crime was committed and the chief of police or head of the organized police department of the municipality in which the parolee resides, of the person’s petition for release from supervision. Such officials and victims shall be provided the opportunity to respond to such petition. Such officials and victims may appear in person or be represented or make written recommendations to the board, but failure of any or all of such officials to appear or make recommendations shall not delay the termination procedure. If a victim is deceased at the time the hearing on termination of said sentence is scheduled, the deceased victim may be represented by his relatives in the following order: mother, father, spouse, child, grandchild, brother or sister, niece or nephew. (2) Prior to the hearing, the petitioner shall be examined, personally interviewed and evaluated by a psychiatrist or licensed psychologist who is an expert in the held of sex offender treatment and who is approved by the board. The psychiatrist or psychologist shall file with the board written reports of his examinations and diagnosis and his recommendation for the disposition of such petitioner. The petitioner’s treatment while on community parole supervision shall be examined and considered by such psychiatrist or psychologist in such recommendation. Such reports shall be admissible in a hearing conducted pursuant to this section. If such petitioner refuses to be personally interviewed by such psychiatrist or psychologist, without good cause, such petitioner shall be deemed to have waived his right to a hearing on the petition and the petition shall be dismissed by the board. The cost of such examination and evaluation shall be the responsibility of the petitioner; provided, however, that the board shall establish procedures for cases of hardship or indigency. (3) At the hearing, the board shall call such witnesses as it deems necessaiy, including the examining psychiatrist or psychologist, the appropriate district attorney, the attorney general, the police chief or the victims of the crime or such crime victims’ family members, as the board deems necessary. The petitioner may offer such witnesses and other proof at the hearing as is relevant to the petition. (4) The board shall terminate community parole supervision for life if the petitioner demonstrates, by clear and convincing evidence, that he has not committed a sex offense or a kidnapping since his conviction, that he is not likely to pose a threat to the safety of others and that the public interest is not served by further community parole supervision over the petitioner. (5) If a petition for release from supervision is denied by the board, such petitioner may not file another such petition for a period of three years, (c) An individual who violates a condition of community parole supervision shall be subject to the provisions of Section 149. If the parolee has served the entire period of confinement under his original sentence, the original term of imprisonment shall, upon a first violation, be increased to imprisonment in a house of correction for 30 days if such violation does not otherwise constitute a criminal offense. Upon a second violation, said original term of imprisonment shall be increased to 180 days in the house of correction if such violation does not otherwise constitute a criminal offense. Upon a third or subsequent violation, said original term of imprisonment shall be increased to one year in the house of correction if such violation does not otherwise constitute a criminal offense. If such violation otherwise constitutes a criminal offense, said increased term of imprisonment shall be served on and after any sentence received for commission of the new offense.
*599 G.L.c. 275, §18. Community parole supervision for Ufe in addition to sentence of imprisonment or probation; covered offenses. Whenever a person is convicted of a first offense under Section 13B, 13F or 13H of chapter 265 or for a first offense for the attempt of any of the aforementioned crimes under Section 6 of chapter 274, the district attorney, upon motion to the court, may request a hearing after conviction and before sentencing, to determine whether or not such person shall be committed, in addition to any term of imprisonment or probation authorized by said sections, to community parole supervision for life, to be served under the jurisdiction of the parole board as set forth in Section 133D of chapter 127. Whenever a person is convicted of a first offense under Section 22, 22A, 23, 24, 24B or 26 of said chapter 265, Section 3 or 35A of chapter 272 or for a first offense for the attempt of any of the aforementioned crimes under said Section 6 of said chapter 274, the elements of which are mitigated by certain circumstances, the defendant, upon motion to the court, may request a hearing after conviction and before sentencing to determine whether or not such person shall receive, in addition to a term of imprisonment or probation authorized by such sections, community parole supervision for life, to be served under the jurisdiction of the parole board as set forth in said Section 133D of said chapter 127. At such hearing, the defendant shall have the right to be represented by counsel, and, if financially unable to retain adequate representation, to have counsel appointed to him. The defendant shall be afforded an opportunity to testify, to present witnesses, to cross-examine witnesses who appear at the hearing and to present information. The rules concerning admissibility of evidence in criminal trials shall not apply to the presentation and consideration of information at the hearing. A finding by the court that such person shall be committed to community parole supervision for life shall be supported by clear and convincing evidence. In making a determination the judge shall, on the basis of any information which he can reasonably obtain, consider any mitigating or aggravating circumstances including, but not limited to, the defendant’s character, propensities, criminal record, the nature and seriousness of the danger posed to any person or the community and the nature and circumstances of the offense for which the defendant is convicted. If the judge finds, by clear and convincing evidence, that no reasons for community parole supervision for life to be served under the jurisdiction of the parole board, as set forth in Section 133D of chapter 127, exist, the judge shall not impose community supervision for life on such first offender. Whenever a person is convicted of a first offense under Section 22, 22A, 23, 24, 24B or 26 of chapter 265, or Section 3 or 35A of chapter 272 or for a first attempt of any of the aforementioned crimes under the provisions of Section 6 of chapter 274, the district attorney may file a motion with the sentencing judge requesting that the defendant not receive community parole supervision for life, and upon receipt of such motion, the sentencing judge shall not impose community parole supervision for life on such first offender.
G.L.c. 276, §45. Community parole supervision for life following imprisonment, probation or treatment center sentence; covered offenses. Any person who commits indecent assault and batteiy on a child under 14 under Section 13B, indecent assault and batteiy on a mentally retarded person under the first paragraph of Section 13F or indecent assault and batteiy on a person who has attained the age of 14 under Section 13H may, in addition to the term of imprisonment authorized by such section, be punished by a term of community parole supervision for life to be served under the jurisdiction of the parole board, as set forth in Section 133C of chapter 127. Any person who commits rape under Section 22; rape of a child under 16 with force under Section 22A; rape arid abuse of a child under Section 23; assault with intent to commit rape under Section 24; assault of a child under 16 with intent to commit rape under Section 24B; kidnapping a child under the age of 16 under Section 26; drugging persons for sexual intercourse under Section 3 of chapter 272; unnatural and lascivious acts with a child under 16 under Section 35A of said chapter 272; or commits an attempt to violate any such Section pursuant to Section 6 of chapter 274, shall, except as provided for in Section 18 of chapter 275, and in addition to the term of imprisonment authorized by such Section, receive a sentence of community parole supervision for life to be served under the jurisdiction of the parole board, as set forth in Section 133D of chapter 127. Any person convicted of violating Section 13B, 13F, 13H, 22, 22A, 23, 24, 24B or 26 of this chapter or of an attempt to violate any of such sections pursuant to Section 6 of chapter 274, after one or more prior convictions of indecent assault and batteiy, rape, assault with intent to commit rape, unnatural and lascivious acts, drugging for sex, kidnap or of any offense which is the same as or necessarily includes the same elements of said offense shall, in addition to the term of imprisonment authorized by such section, be punished by a term of community parole supervision for life, to be served under the jurisdiction of .the parole board, as set forth in said Section 133D of said chapter 127. The sentence of community parole supervision for life shall commence immediately upon the expiration of the term of imprisonment imposed upon such person by the court or upon such person’s release from probation supervision or upon discharge from commitment to the treatment center pursuant to Section 9 of chapter 123A, whichever first occurs.

In describing the ascending penalties for violations, G.L.c. 127, §133D (c) reads, “If the parolee has served the entire period of confinement under his original sentence, the original term of imprisonment shall, upon first violation, be increased to imprisonment in a house of correction for 30 days if such violation does not otherwise constitute a criminal *600 offense. Upon a second violation, said original term of imprisonment shall be increased to 180 days in the house of correction if such violation does not otherwise constitute a criminal offense. Upon a third or subsequent violation, said original term of imprisonment shall be increased to one year in the house of corrections if such violation does not otherwise constitute a criminal offense. If such violation does constitute a criminal offense, said increased term of imprisonment shall be served on and after any sentence received for the commission of the new offense.”

Under this sentencing law, an offender needn’t be convicted as a 2nd offender. See, e.g., G.L.c. 265, §22(b) (rape second offender: punished by imprisonment in state prison for life or any term of years). It is only required that the offender’s record contain a conviction for one of the enumerated offenses.

These offenses include G.L.c. 265, §22, rape; §22A, rape of a child under 16 with force; §23, rape and abuse of a child; §24, assault with intent to commit rape; §24B, assault of a child with intent to commit rape; §26, kidnapping a child under the age of 16; G.L.c. 272, §3, drugging persons for sexual intercourse; G.L.c. 272, §35A, unnatural and lascivious acts with a child under the age of 16; or an attempt to violate any such section pursuant to G.L.c. 274, §6.

These offenses include G.L.c. 265, §13B, indecent assault and battery on a child under 14; §13F, indecent assault and battery of a mentally retarded person; or §13H, indecent assault and battery on an individual who has attained the age of 14.

This is supported by language in G.L.c. 275, §18 that gives a defendant leave to petition for a hearing when “the elements of [the crime] are mitigated by certain circumstances.”

The statute provides that “[i]n making a determination the judge shall, on the basis of any information which he can reasonably obtain, consider any mitigating or aggravating circumstances including, but not limited to, the defendant’s character, propensities, criminal record, the nature and seriousness of the danger posed to any person or the community and the nature and circumstances of the offense for which the defendant is convicted. If the judge finds, by clear and convincing evidence, that no reasons for community parole supervision for life . . . exist, the judge shall not impose . . . [it] on a first time offender.” G.L.c. 275, §18. Because both mitigating and aggravating circumstances may exist in the same case, the judge’s determination may be that by a standard of clear and convincing evidence one set of factors outweighs the other. See below for an examination of the burden of proof with respect to G.L.c. 275, §18.

G.L.c. 275, §18 prescribes that a judge’s determination to impose lifetime parole “shall be supported by clear and convincing evidence. In making a determination, ajudge shall . . . consider any mitigating or aggravating factors.” A logical reading of the statute is that a determination to impose lifetime parole on “category three” offenders will be supported by clear and convincing evidence of aggravating factors, while a determination not to impose lifetime parole on “category two” offenders will be supported by clear and convincing evidence of mitigating circumstances.

The defendant does not contend that the penalty of lifetime parole is disproportionate to the offenses for which he is convicted nor that it bears no reasonable relationship to a permissible legislative objective. See Commonwealth v. Therriault, 401 Mass. 237, 239-41 (1987); Commonwealth v. Diatchenko, 387 Mass. 718, 722-24 (1982).

Even assuming, arguendo, that there may be some merit to these constitutional and common law claims, there is no occasion to pass on these issues because they are not ripe for adjudication. No violations of the terms of the defendant’s parole have occurred.

See G.L.c. 275, §18, ¶¶2, 3. Paragraph two states, “A finding by the court that such person shall be committed to community parole supervision for life shall be supported by clear and convincing evidence.” The statute goes on to read, however, in paragraph three that, “If the judge finds, by clear and convincing evidence, that no reasons for community parole supervision for life ... exist, the judge shall not impose community parole supervision for life on such first offender.”

These offenses include G.L.c. 265, §13B, indecent assault and battery on a child under 14; §13F, indecent assault and battery of a mentally retarded person; or § 13H, indecent assault and battery on an individual who has attained the age of 14.

These offenses include G.L.C. 265, §22, rape; §22A, rape of a child under 16 with force; §23, rape and abuse of a child; §24, assault with intent to commit rape; §24B, assault of a child with intent to commit rape; §26, kidnapping a child under the age of 16; G.L.c. 272, §3, drugging persons for sexual intercourse; G.L.c. 272, §35A, unnatural and lascivious acts with a child under the age of 16 or an attempt to violate any such section pursuant to G.L.c. 274, §6.

Defendant asks in his memo, “Clear and convincing evidence of what?” See Defendant’s Memo, pg. 6.

The standard of proof by clear and convincing evidence is not impermissibly vague. In Massachusetts, it refers to evidence that establishes a “high degree of probability” that a fact is true. See Tosti v. Ayik, 394 Mass. 482, 491 (1985). See also Matter of Mayberry, 295 Mass. 155, 167 (1936). See generally P.J. Liacos, M.S.Brodin, M.Avexy, HANDBOOK OF MASSACHUSETTS EVIDENCE, §5.3.2(b) (7th ed. 1999).

At the hearing in this matter, the parties agreed it would be appropriate to consult G.L.c. 21 IE which contains a non-exclusive list of both mitigating and aggravating factors. The list found within G.L.c. 21 IE, §3(d) reads:
(1) factors that describe the nature and circumstances of the offense;
(2) factors that describe the offender’s mental state at the time of the offense;
(3) factors that describe the relationship, if any, between the offender and the victim;
(4) factors that describe the nature and degree of harm caused by the offense;
(5) the community view of the gravity of the offense;
(6) the public concern generated by the offense;
(7) the deterrent effect a particular sentence may have on the commission of the offense by others;
(8) the current incidence of the offence in the community and in the commonwealth as a whole;
(9) the role in the offense of each offender in cases involving multiple offenders;
(10) the age of the offender;
(11) the mental and emotional condition of the offender, to the extent that such condition mitigates the defendant’s culpability or to the extent that such condition is otherwise plainly relevant;
(12) the offender’s physical condition, including drug dependence;
(13) the offender’s family ties and responsibilities;
(14) the offender’s community ties;
(15) the offender’s degree of dependence on criminal activity for a livelihood;
(16) the offender’s character and personal history; and
(17) the offender’s amenability to correction, treatment, or supervision.