Agnes, A.J.
I. Introduction
Defendant Jason Langill, a 32-year-old male, has pled guilty to a variety of offenses arising out of sexual conduct he engaged in with a 14-year-old female. The defendant has pled guilty to eight indictments including rape of a child in violation of G.L.c. 265, §22A and Contributing to the Delinquency of a Child in violation of G.L.c. 119, §63. During the plea colloquy, he was advised that one of the consequences of pleading guilty was that he could be on parole for the remainder of his life pursuant to the Massachusetts Community Parole Supervision for Life Law, codified in G.L.c. 265, §45, G.L.c. 275, §18, and G.L.c. 127, §133D. These statutes are reproduced in the Appendix to this decision. Defendant has filed a motion asking the court not to impose lifetime parole. The defendant’s motion attacks the validity of the statutory scheme on constitutional grounds. He also argues that based on the evidence presented during the plea colloquy and at a hearing conducted thereafter there is evidence in the case that establishes by clear and convincing evidence the existence of mitigating factors that warrant a decision not to impose lifetime parole as an additional sanction. See G.L.c. 275, §18.
II. Factual Background
The victim is a 14-year-old female who reported that on May 8, 2002 she, the defendant, the victim’s school friend, and another acquaintance, spent the afternoon and evening following school together. The victim reported that they began to drink beer provided by the defendant until they became drunk. The defendant also smoked some marijuana. They paired off in an area of North Reading, Massachusetts known as “The Pits.” There, over the course of the evening, the defendant and the victim engaged in sexual intercourse in a variety of ways. The group then went together to the acquaintance’s home where in a tree house the defendant and the victim again engaged in sexual intercourse. The victim spent the night sleeping at that home and then went to school the next day with her school friend. On May 9, 2002, the victim told her friend about the events of the night before, and said that if she had not been drunk the sexual activity would not have occurred. Because the victim did not return home on the night of May 8, 2003, her parents filed a missing persons report. When she arrived at school on May 9, 2003, she was brought to the North Reading Police Station and then taken to Winchester Hospital for examination and treatment. An analysis of fluids from her vagina confirmed the presence of blood, sperm cells and seminal residue.
The defendant was located at his home (he lived in the basement of the school friend’s). He agreed to accompany the police to the station. He was advised of his Miranda warnings and waived his rights. He told the police he had been with the victim and others from 3:30 p.m. the day before until that morning, that he had purchased beer the night before for the group, that they consumed the beer together, that the victim and others became drunk, and that he had sexual intercourse with the victim as she alleged.
Following the change of plea, in accordance with G.L.c. 275, §18, and based upon information supplied by the defendant, the court conducted a hearing. The court received evidence consisting of a videotape of an interview with the victim arranged by the Commonwealth (exhibit 2), a psychological evaluation of the *138 defendant prepared by Dr. Ronald Ebert of Psychological Associates, Inc. and an Associate Psychologist at McLean Hospital in Belmont, Mass, (exhibit 1), and testimony from a staff person at the Massachusetts Parole Board who provided the court with a copy and explanation of the Intensive Parole for Sex Offenders (IPSO) Conditions (exhibit 3). The court also considered arguments by counsel.
III. Discussion
1. Overview of Lifetime Parole in Massachusetts
In a previous decision, Commonwealth v. Morris, Essex Superior Court No. 2002-1227 (Aug. 19, 2003) (16 Mass. L. Rptr. 593), this court reviewed in detail the statutes enacted by the legislature in 1999 and contained in the law entitled “An Act Improving the Sex Offender Registry And Establishing Civil Commitment And Community Parole Supervision for Life for Sex Offenders.” See St. 1999, c. 74, §1. What follows is a portion of that analysis.
The section of chapter 79 dealing with Community Parole Supervision For Life consists of three statutes: G.L.c. 127, §133D, G.L.c. 265, §45, and G.L.c. 275, §18. Community parole supervision for life is described in G.L.c. 127, §133D: “An individual sentence to lifetime parole shall be subject to the jurisdiction of the parole board for the term of the sentence ... [A] person serving such sentence of community parole supervision for life shall be subject to the provisions of law governing parole as if such person were a parolee.” G.L.c. 127, §133D. The statute provides that “the parole board shall impose terms and conditions for such sentence within 30 days prior to the commencement of community parole supervision [and] such terms and conditions may be revised, altered and amended by the parole board at any time.” G.L.c. 127, §133D(a). The statute defining lifetime parole also provides that the parole board has the dual responsibility of “protecting the public from such person committing a sex offense or kidnapping as well as promoting the rehabilitation of such person.” G.L.c. 127, §133D(a). Thus, the parole board has the authority to require the offender to attend sex offender treatment. Id. An offender subject to lifetime parole has a right to a hearing after fifteen years to determine if the term of parole should be terminated. See G.L.c. 127, §§133D(a), (b). The burden of proof is again on the offender to establish that community parole supervision should be terminated. G.L.c. 127, §133D (b)(4).
If an individual violates the terms of parole, the violator is subject to a punishment. If the alleged violation does not constitute a separate crime, the law provides for an escalating series of house of correction sentences that the defendant is required to serve upon a determination by the parole board that a violation did occur (30 days, 180 days and one year). If the alleged violation is a crime and the defendant is found in violation of parole, the law provides that the penalty established for the parole violation shall be served from and after the sentence imposed on the new offense. The parole board is limited to determining whether a violation of the lifetime parole has occurred. The statute does not purport to give the parole board the power to determine the appropriate punishment for a violation.[1]
In Morris, this court considered but rejected an argument that the lifetime parole law was ambiguous and concluded that the legislature intended to establish three categories of offenders. Essex Superior Court No. 2002-1277 (Aug. 17, 2003) (16 Mass. L. Rptr. 593).
The first category of offenders consists of repeat offenders. A prior conviction of any of the enumerated offenses requires the imposition of lifetime parole without exception. “Any person convicted of violating [the enumerated offences], after one or more prior convictions of [the enumerated offenses] shall ... be punished by a term of community parole supervision for life.” G.L.c. 265, §45. With respect to persons in this category, the conviction itself triggers and requires the court to impose lifetime parole as a component of the sentence. See Id. (lifetime parole required in all cases in which individuals have been convicted in the past of any one of the enumerated offences). This case does not involve this category of offenders.[2]
The second category of offenders consists of persons convicted of sexual offenses not included in categories one and three (see below), such as indecent assault and battery on a child under the age of fourteen.[3] Conviction of any of these offenses does not require the imposition of lifetime parole. However, “the district attorney, upon motion to the court, may request a hearing after conviction and before sentencing, to determine whether or not such person shall be committed, [ ]to community parole supervision for life.” G.L.c. 275, §18. This category of offenders does not apply to this case.
The third category of offenders, applicable here, is comprised of offenders convicted of the most serious sexual offenses, such as rape and abuse of a child in violation of G.L.c. 65, §23.[4] A convicted offender in this category “shall, except as provided for in section 18 of chapter 275, and in addition to the term of imprisonment authorized by such section, receive a sentence of community parole supervision for life.” G.L.c. 265, §45. The defendant has been convicted of an offense within this category.
With respect to this category, a fair reading of the statute is that lifetime parole is a required component of the sentence unless the defendant initially demonstrates that “the elements of [the crime] are mitigated by certain circumstances.” G.L.c. 275, §18. If the defendant makes this required showing, either by offering evidence or pointing to evidence that otherwise is before this court, the defendant has the right to a hearing where, represented by counsel, “he shall *139 be afforded the opportunity to testify, to present witnesses, to cross examine witnesses who appear at the hearing, and to present information.” Id. At this hearing, the defendant has the burden of establishing, by a standard of clear and convincing evidence, that mitigating circumstances exist and that the sentence, therefore should not include lifetime parole.[5] The statute provides that those mitigating factors “inclu(de) but [are] not limited to, the defendant’s character, propensities, criminal record, the nature and seriousness of the danger posed to any person or the community and the nature and circumstances of the offense for which the defendant is convicted.” Id. In Morris, this Court concluded that the legislature intended to also refer to the nonexclusive list of mitigating factors found in the Massachusetts Sentencing Act.[6] Essex Superior Court No. 2002-1227 (Aug. 19, 2003); see generally Commonwealth v. O’Keefe, 48 Mass.App.Ct. 566, 568 (2000); Building Inspector of Mansfield v. Curvin, 22 Mass.App.Ct. 401, 403 (1986) (quotation omitted).
2. Defendant’s Constitutional Claims
The defendant raises several constitutional challenges to the above outlined statutory scheme. Some of the defendant’s constitutional claims were raised in Morris and there rejected by this court. Essex Superior Court No. 2002-1227 (Aug. 19, 2003). The court’s discussion in the Morris case will not be repeated here. In considering the various remaining challenges to the validity of the lifetime parole scheme adopted by the Legislature, we are mindful that the defendant bears a heavy burden in overcoming the presumption of constitutionality. See Longval v. Superior Court Department, 434 Mass. 718, 721 (2001), and cases cited.
One argument advanced by the defendant in this case but not raised or addressed in Morris is that the lifetime parole statutes are unconstitutional because they delegate to the prosecutor the discretion to waive the mandatory penalty of lifetime parole as an element of punishment in a case such as this by simply filing a motion. G.L.c. 275, §18, provides, in part, that “[w]henever a person is convicted of a first offense under section 22, 22A, 23, 24, 24B or 26 of chapter 265, or section 3 or 35A of chapter 272 or for a first attempt of any of the aforementioned crimes under the provisions of section 6 of chapter 274, the district attorney may file a motion with the sentencing judge requesting that the defendant not receive community parole supervision for life, and upon receipt of such motion, the sentencing judge shall not impose community parole supervision for life on such first offender.” The defendant maintains that this feature of the law renders it unconstitutional because it violates the separation of powers doctrine. Mass. Const. Pt. I, art. XXX. Although the defendant recognizes the wide ranges of prosecutorial discretion in deciding whether to file a case or not, the defendant asserts there is a fundamental difference between the exercise of discretion by the prosecutor after a charge is filed rather than before.
The defendant cites one California Court of Appeals case to support this notion. People v. Chacon, 109 Cal.App.4th 1537 (2003). In Chacon, the court held that a statute that required the court to receive the prosecutor’s consent to order a juvenile disposition to be unconstitutional. Id. at 1544-45. The concern in Chacon, and those cases cited therein, was that a judge must be able to freely exercise his discretion in sentencing defendants. Id. at 1542-45. The court in Chacon discussed that the separation of powers doctrine prohibited the legislative branch from allowing prosecutors, after charges had been filed, to control legislatively specified sentencing choices available to the court. Id. at 1544.
Under G.L.c. 265, §45, the judge’s discretion is never limited by the prosecutor’s decision to file a motion under G.L.c. 275, §18. Here, the default sentence of lifetime parole is actually provided by the legislature. Had the prosecutor filed a motion requesting that lifetime parole not be imposed, there would be no judicial discretion to compromise. In fact, the statute only provides for judicial discretion to depart from the default sentence of lifetime parole if there is clear and convincing evidence of mitigating factors. G.L.c. 265, §45. The judge can exercise this discretion without prosecutorial consent. Thus, this Court finds that G.L.c. 65, §23 does not violate the separation of powers doctrine of the Mass. Const. Pt. I, art. XXX.[7]
The defendant makes the additional argument that this statute could subject the defendant to a lifetime of imprisonment without requiring the government to prove that the defendant is dangerous to anyone. Indeed, G.L.c. 127, §133D(c) describes the ascending penalties that a defendant faces when the defendant violates the terms of his or her parole. For the first violation, if the new violation does not constitute a criminal offense, the term of imprisonment is thirty (30) days. For a second violation, the term is 180 days, and for a third or subsequent violation, the term of imprisonment is increased to one year. Id The defendant relies on Aime v. Commonwealth, 414 Mass. 667 (1993). This case is inapplicable because it involves a bail statute and not a parole statute. In Aime, the court held that a bail statute violated due process when it provided that an official authorized to admit a prisoner or an arrested person to bail could refuse to release that person based on his or her discretion. Id at 668. Aime deals with the detainment of individuals before determining guilt. In this case, guilt has already been established so any holding from Aime is inapplicable. To hold an individual must be shown to be dangerous before incarceration for a violation of parole would undermine the entire parole system and the court therefore rejects defendant’s argument.
3. Findings of Fact
Based on all the evidence before me, I find by a standard of clear and convincing evidence: (1) that the defendant deserves to be punished by incarceration in *140 state prison and should be subject to supervision thereafter under strict probation conditions, but that the defendant does not suffer from any psychological or psychiatric disorders, organic syndromes or diseases that mark him as a high risk for reoffending, especially against adolescents or children, and therefore that would warrant the imposition of lifetime parole; (2) that the defendant has a history of heterosexual development without any history of aberrant or aggressive sexual behaviors and no history of sexual abuse or sexual interest or activity relating to adolescents or children that would warrant the imposition of lifetime parole; (3) that the defendant, with the exception of the incident at issue, has always had sexual relationships with women of similar age and has been in several long-term relationships that have lasted well over one year; (4) that the defendant has frankly acknowledged his guilt, and has made statements indicating he has insight into the deviant nature of the incident involving the victim in this case; (5) that a major factor contributing to the defendant’s conduct in this case is a chronic problem with alcohol which the defendant has begun to address and which can be addressed and treated by effective means that do not require the use of lifetime parole supervision; and (6) that based on the defendant’s criminal background and circumstances of this offense,[8] the defendant does not pose an unacceptable risk of danger to any person or the community in the future following his release from incarceration, provided that strict probation supervision is in place, that would warrant the imposition of lifetime parole. Accordingly, I order that the defendant’s sentence should not include any provision for community supervision for life.
ORDER
For all the forgoing reasons, I make the following order. Based on evidence of mitigating factors, and I find by the standard of clear and convincing evidence that lifetime community parole should not be imposed. Under G.L.c. 275, §18, in a case such as this where a sentence of lifetime parole is required unless “the elements of [the crime] are mitigated by certain circumstances,” the defendant bears both the burden of production and the burden of proof. The burden of production requires the defendant to meet an initial threshold requirement by offering or pointing out evidence that the crime is mitigated by certain circumstances such as those contained in the nonexclusive list of factors set forth in G.L.c. 21 IE, §3(d). Id. §18, ¶2. The burden of proof requires that the defendant prove “by clear and convincing evidence, that no reasons for community parole supervision for life . . . exist.” Id. §18, ¶3.
Based on a consideration of all the facts and circumstances surrounding the offense, the defendant’s prior record, and the Presentencing Investigation, the sentence in this case shall consist of concurrent state prison terms of three and one half years to three and one half years and one day. This prison term shall be followed by a five-year probation period, where the defendant must: have no contact with the victim, no contact with children under the age of sixteen (with the exception of his own child), undergo drug and alcohol treatment, and refrain from the use of alcohol or drugs unless prescribed by a physician.
If the parolee has served the entire period of confinement under his original sentence, the original term of imprisonment shall, upon first violation, be increased to imprisonment in a house of correction for 30 days if such violation does not otherwise constitute a criminal offense. Upon a second violation, said original term of imprisonment shall be increased to 180 days in the house of correction if such violation does not otherwise constitute a criminal offense. Upon a third or subsequent violation, said original term of imprisonment shall be increased to one year in the house of corrections if such violation does not otherwise constitute a criminal offense. If such violation does constitute a criminal offense, said increased term of imprisonment shall be served on and after any sentence received for the commission of the new offense.

 In describing the ascending penalties for violations, G.L.c. 127, §133D(c) reads:

 Under this sentencing law, an offender need not be convicted as a 2nd offender. See, e.g., G.L.c. 265, §22(b) (rape second offender; punished by imprisonment in state prison for life or any term of years). It is only required that the offender’s record contain a conviction for one of the enumerated offenses.

 These offenses include G.L.c. 265, §13B, indecent assault and battery on a child under 14; §13F, indecent assault and battery of a mentally retarded person; or §13H, indecent assault and battery on an individual who has attained the age of 14.

 These offenses include G.L.c. 265, §22, rape; §22A, rape of a child under 16 with force; §23, rape and abuse of a child; §24, assault with intent to commit rape; §24B assault of a child with intent to commit rape; §26, kidnapping a child under the age of 16; G.L.c. 272, §3, drugging persons for sexual intercourse; G.L.c. 272, §35A, unnatural and lascivious acts with a child under the age of 16; or an attempt to violate any such section pursuant to G.L.c. 274, §6.

 he statute provides that “(i]n making a determination the judge shall, on the basis of any information which he can reasonably obtain, consider any mitigating or aggravating circumstances including, but not limited to, the defendant’s character, propensities, criminal record, the nature and seriousness of the danger posed to any person or the community and the nature and circumstances of the offense for which the defendant is convicted. If the judge finds, by clear and convincing evidence, that no reasons for community parole supervision for life . . . exist, the judge shall not impose . . . [it] on a first time offender.” G.L.c. 275, §18. Because both mitigating and aggravating circumstances may exist in the same case, the judge’s determination may be that by a standard of clear and convincing evidence one set of.factors outweighs the other. See below for an examination of the burden of proof with respect to G.L.c. 275, §18.

 At the hearing in this matter, the parties agreed it would be appropriate to consult G.L.c. 21 IE which contains a non-exclusive list of both mitigating and aggravating factors. The list found within G.L.c. 21 IE, §3(d) reads:
(1) factors that describe the nature and circumstances of the offense;
*141 (2) factors that describe the offender’s mental state at the time of the offense;
(3) factors that describe the relationship, if any, between the offender and the victim;
(4) factors that describe the nature and degree of harm caused by the offense;
(5) the community view of the gravity of the offense;
(6) the public concern generated by the offense;
(7) the deterrent effect a particular sentence may have on the commission of the offense by others;
(8) the current incidence of the offense in the community and in the commonwealth as a whole;
(9) the role in the offense of each offender in cases involving multiple offenders;
(10) the age of the offender;
(11) the mental and emotional condition of the offender, to the extent that such condition mitigates the defendant’s culpability or to the extent that such condition is otherwise plainly relevant;
(12) the offender’s physical condition, including drug dependence;
(13) the offender’s family ties and responsibilities;
(14) the offender’s community ties;
(15) the offender’s degree of dependence on criminal activity for a livelihood;
(16) the offender’s character and personal history; and
(17) the offender’s amenability to correction, treatment, or supervision.

 It also should be noted that the existence of prosecutorial veto of lifetime community parole serves only to benefit the defendant. If it is not exercised the defendant enjoys the full benefit of judicial discretion.

 For instance, to the extent that the victim indicated to the defendant the boundaries of the sexual acts she wished to participate in, the defendant respected those boundaries.