Tuttman, Kathe M., J.
Defendants Vinnie Ruscitti (Ruscitti) and Patrick I. Powell (Powell) stand indicted for first-degree murder in the stabbing death of one Daniel Columbo that occurred on January 6, 2006 in Milford. The defendants, who were both sixteen years old at the time of the incident, are charged under the Youthful Offender Law, G.L.c. 119, §74.[1] This matter is before the court on Powell’s motion to dismiss the charge against him or, in the alternative, to enter a declaratory judgment that he may not be subject to a sentence of life imprisonment, in which Ruscitti joins. The defendants claim that committing a person who was between fourteen and seventeen years of age at the time of an offense to a sentence of life imprisonment without parole constitutes cruel and unusual punishment in violation of the Eighth Amendment to the United States Constitution, and cruel or unusual punishment in violation of Article 26 of the Massachusetts Declaration of Rights. The defendants also move for an evidentiary hearing to present expert testimony regarding the psychosocial and cognitive immaturity of juveniles. Because I find that the issue raised is not ripe for judicial review, as more fully discussed below, the defendants’ motions are DENIED without prejudice.
DISCUSSION
I. Ripeness
Ripeness depends on the facts surrounding each case. Doe v. Bush, 323 F.3d 133, 138 (1st Cir. 2003), citing Ernst & Young v. Depositors Econ. Prot. Corp., 45 F.3d 530, 535 (1st Cir. 1995). Courts determine whether an issue is ripe by looking at “the fitness of the issues for judicial decision and the hardship to the parties of withholding court consideration.” Id., quoting Abbott Labs v. Gardner, 387 U.S. 136, 149 (1967). Generally, a case is not ripe unless both prongs of the test are satisfied. Ernst & Young, 45 F.3d at 535.
First, a court must consider whether an issue is fit for review. The pivotal question is “whether the claim involves uncertain and contingent events that may not occur as anticipated or may not occur at all.” Id. at 536, quoting Massachusetts Ass’n of Afro-American Police, Inc. v. Boston Police Dep’t, 973 F.2d 18, 20 (1st Cir. 1992). “Eighth Amendment challenges are generally not ripe until the imposition, or immediately pending imposition, of a challenged punishment or fine.” Cheffer v. Reno, 55 F.3d 1517, 1523 (11th Cir. 1995). See also Commonwealth v. Morris, 16 Mass. L. Rptr. 593, n.9 (Super.Ct. 2005) (Agnes, J.) (noting that the defendant could not challenge the potential penalties for violating his parole unless such a violation occurred); Commonwealth v. Baird, 355 Mass. 746, 754-56 (1969) (declining to consider an Eighth Amendment challenge where the defendant had not yet been sentenced for a crime).
Some courts have held that an issue is fit for review when it is a purely legal question and, therefore, will not turn on the facts developed at trial. Ernst & Young, 45 F.3d at 536, and cases cited. One of the considerations in the “fitness” analysis is whether further factual development would significantly aid the court in resolving the dispute. Doe v. Bush, 323 F.3d at 138-39, citing Duke Power Co. v. Carolina Envtl. Study Group, 438 U.S. 59, 82 (1978). However, an issue does not ripen merely because it is based upon a pure question of law. Ernst & Young, 45 F.3d at 537. If a claim, “though predominantly legal in character, depends upon future events that may never come to pass, or that may not occur in the form forecasted, then the claim is unripe.” Id., and cases cited. Here, the defendants’ constitutional claim will not exist unless and until they are convicted of murder in the first degree. If the defendants are convicted of a lesser offense, or are acquitted, they will have no stake in the determination of this issue. Therefore, the matter is not fit for review.
The second prong of the test looks at the hardship to the parties in denying judicial review. Id. at 536. The hardship analysis considers “whether the challenged action creates a ‘direct and immediate’ dilemma for the parties.” Stern v. United States Dist. Court, 214 F.3d 4, 10 (1st Cir. 2000), quoting W.R. Grace & Co. v. E.P.A., 959 F.2d 360, 364 (1st Cir. 1992). Here, defense *518 counsel claim they are unable to advise the defendants regarding dispositional options and trial strategy if they face a potential sentence of life imprisonment without the possibility of parole. This argument is unpersuasive. Defense counsel will be able to assist the defendants effectively by apprising them of the current state of the law. This is not a situation where the defendants “lack a realistic opportunity to secure comparable relief by bringing the action at a later time.” Cf. Doe, 323 F.3d at 138. On the contrary, the defendants will have ample opportunity to fully explore the issues raised on post-conviction appeal, if necessary.
II. Declaratory Judgment
Courts ordinarily will not grant declaratory relief in a criminal action prior to trial. District Attorney v. Watson, 381 Mass. 648, 659 (1980). Declaratory judgment may be appropriate during the pendency of a criminal prosecution in “very special circumstances.” Id. at 659. Very special circumstances may exist where a defendant challenges the prosecution’s decision to seek the death penally, because execution is unique in its harshness and finality. Id.; United States v. Quinones, 313 F.3d 49, 58 (2nd Cir. 2002). See also United States v. Sampson, 275 F.Sup.2d 49 (D.Mass. 2003). These decisions, and others like them, rely heavily on the procedural differences between capital and non-capital cases, such as: the number of peremptory challenges allotted to each side, the necessity of screening jurors who opposed the death penally, the defendant’s option to plead guilty in order to obtain a lesser sentence, and the possibility of using trial tactics “that are designed to avoid the death penalty, but that have the consequence of making conviction more likely.” Quinones, 313 F.3d at 59. Similarly, the prosecution would have to make decisions regarding jury selection and bifurcation of the trial. District Attorney, 381 Mass. at 660. Such considerations do not come into play in the present case.
Cases involving the death penalty “are of limited usefulness in assessing the constitutionality of a mandatory term of life imprisonment.” Commonwealth v. Diatchenko, 387 Mass. 718, 722-23 (1982), and cases cited. See Rummel v. Estelle, 445 U.S. 263, 272 (1980) (“Because a sentence of death differs in kind from any sentence of imprisonment, no matter how long, our decisions applying the prohibition of cruel and unusual punishments to capital cases are of limited assistance in deciding the constitutionality [of a mandatory life sentence]”). Since other punishments do not compare to the death penally, see, e.g., Rummel, 445 U.S. at 272, the policy considerations supporting a defendant’s right to challenge a prosecutor’s decision to seek the death penalty prior to trial do not apply where a youthful offender faces a potential life sentence. In the present circumstances, declaratory relief is not warranted. Because the defendants’ motion is premature, the court need not address the defendants’ request for an evidentiary hearing. '
ORDER
For the reasons discussed above, the defendants’ motions are DENIED without prejudice to renew if and when either defendant is convicted of first-degree murder and sentenced to life imprisonment without the possibility of parole.

Pursuant to G.L.c. 119, §74, “[t]he juvenile court shall not have junsdiction over a person who had at the time of the offense attained the age of fourteen but not yet attained the age of seventeen who is charged with committing murder in the first or second degree.”