WILLIAM MANOR & another[1] *vs.* SUPERINTENDENT, MASSACHUSETTS CORRECTIONAL INSTITUTION, CEDAR JUNCTION, & another.[2]

Suffolk. October 6, 1993. - January 26, 1994.

Present: LIACOS, C.J., ABRAMS, NOLAN, & O'CONNOR, JJ.

*Imprisonment*, Enforcement of discipline. *Regulation.*

Certain inmate property regulations barring prison inmates from wearing insignia, emblems, and logos that were either attached or sewn onto clothing and necklaces exceeding fifty dollars in value did not prohibit inmates from wearing handmade necklaces with a medallion symbolizing the African National Congress whose value was less than fifty dollars. [822-824]

This court declined to express its views on constitutional questions raised by prison officials' prohibiting inmates from wearing necklaces with a medallion symbolizing the African National Congress (ANC), where inmate property regulations did not prohibit the wearing of necklaces with an ANC medallion. [824]

CIVIL ACTION commenced in the Superior Court Department on October 23, 1990.

The case was heard by *J. Harold Flannery*, J., on motions for summary judgment.

The Supreme Judicial Court on its own initiative transferred the case from the Appeals Court.

*Thomas E. Abruzzese* for the defendants.

*Scott P. Lewis* (*John Reinstein* with him) for the plaintiffs.

ABRAMS, J. In 1990, while inmates at Massachusetts Correctional Institution, Cedar Junction, the plaintiffs, William Manor and Joseph Matz, both wore handmade necklaces

---

[1]Joseph Matz.

[2]Commissioner of Correction.

with a medallion depicting the continent of Africa. The medallion symbolized the African National Congress (ANC), a South African organization concerned with ending apartheid in South Africa. Manor and Matz were charged with and found guilty of disciplinary infractions. Each spent thirty days in isolation for wearing a necklace with a medallion depicting Africa.

The plaintiffs thereafter filed a complaint in the Superior Court seeking reversal of the findings of the disciplinary board because the medallions were not proscribed by the prison regulations, properly construed. The plaintiffs also sought a declaration that, under the First and Fourteenth Amendments to the Constitution of the United States and under art. 16 of the Declaration of Rights of the Massachusetts Constitution, prisoners may wear necklaces with the ANC medallion openly. The plaintiffs further requested that an injunction issue preventing the defendants from prohibiting the open wearing of a necklace with the ANC medallion. On cross motions for summary judgment, a judge of the Superior Court allowed the plaintiffs' motions for summary judgment, reversed the findings of the disciplinary board and expunged the plaintiffs' records of the infractions related to the wearing of necklaces with an ANC medallion. In addition, the judge declared that the plaintiffs were entitled under art. 16 of the Declaration of Rights of the Massachusetts Constitution to wear the necklaces with ANC medallions. The defendants appeal.[3] We transferred the case on our own motion.

We summarize the facts. On the evening of May 22, 1990, Manor wore a handmade leather medallion in the shape of the continent of Africa, strung from a shoelace around his neck. The judge found that Manor said that he wore the necklace to express his pride, as a black American, in his African heritage. The judge found that Manor believed this was a crucial time in the struggle for freedom in South

---

[3]The defendants filed a motion to stay the judgment pending appeal, which was denied after a hearing.

Africa and that Manor wanted to express his support for Nelson Mandela, president of the ANC, who planned a visit to Boston the following month.

Sergeant Paul Gordon, a correction officer, stopped Manor as he was walking toward the prison cafeteria. Gordon told Manor that the necklace was contraband, and ordered him to remove it. Manor refused. Manor subsequently was charged with several disciplinary infractions, including: disobeying an order, failing to keep his person in accordance with rules, and attempting to participate in an unauthorized group activity. Manor was found guilty of those charges by a disciplinary board, and sanctioned with thirty days in isolation, the maximum amount of isolation time that can be meted out under the regulations of the Department of Correction (department). Manor's appeal was denied, and he served thirty days of isolation time as a result.

The morning after Manor was stopped for wearing his necklace, Brian Marsolais, a correction officer, stopped Matz. Marsolais ordered Matz to place his necklace with an ANC medallion inside his shirt. Matz asked for an explanation of the order. After receiving no response, Matz refused to comply. Marsolais stated that Matz became loud and abusive when he was told the necklace was contraband. A week later, Matz received a disciplinary report charging him with nine separate offenses arising out of the incident. He told the disciplinary board that he wore the ANC symbol out of pride in his African heritage and solidarity in the struggle against oppression both in South Africa and in the United States. Matz was found guilty of using obscene language, possessing an unauthorized item, and participating in an unauthorized group demonstration. He was sentenced to thirty days' isolation time, the maximum isolation time, which he served after his appeal was denied.

The defendants contend that, by wearing the necklaces with an ANC medallion, the plaintiffs violated the inmate

property regulations.[4] The inmate personal property list provides that certain items of clothing "shall not be acceptable" if "emblems/insignias/logos" are "either sewn on or attached in anyway." Inmate Property Regulation, 103 Cedar Junction § 403. There is no mention of jewelry on this list of clothing. Jewelry is mentioned on the Cedar Junction inventory sheet, which is attached as part of the regulation. The inventory sheet allows for rings, a watch, and a necklace, as long as these items do not exceed fifty dollars in value. In addition, the inmate property checklist, 103 Code Mass. Regs. § 403 (1988), permits one watch, one wedding band, and one religious medallion, as long as none of these items exceeds fifty dollars in value.

The judge determined that the regulation did not bar all insignia, emblems, and logos; it barred only those that were either attached or sewn onto clothing. Nor did the regulation bar all necklaces; it barred only those which exceeded fifty dollars in value. The judge therefore held, "The [r]egulation simply does not prohibit the wearing of ANC medallions, or any other medallions valued at less than $50.00, as necklaces." Taking into consideration all three documents, the judge determined that the department's interpretation was not a reasonable reading of the language of the regulation. The judge determined that the thrust of the regulations was that necklaces whose value was less than fifty dollars were allowed. We agree.

The defendants suggest that the regulation should be read to prohibit all items that are not allowed specifically and that, because necklaces with an ANC medallion are not allowed specifically, they are prohibited. The defendants argue that even if literally read the regulation allows necklaces with an ANC medallion, their interpretation as an agency

---

[4]Pursuant to G. L. c. 124 and G. L. c. 127, the Department of Correction promulgated 103 Code Mass. Regs. § 403 (1988), *Inmate Property*. The defendants developed a written institutional policy regarding inmate personal property. Regulation 103 Cedar Junction § 403 consists, in relevant part, of the inmate personal property list, the Cedar Junction inventory sheet, and the inmate property checklist.

should be given deference. We agree that agency interpretations of their own regulations are entitled to deference. However, "courts will not hesitate to overrule agency interpretations of rules when those interpretations are arbitrary, unreasonable, or inconsistent with the plain terms of the rule itself." *Finkelstein* v. *Board of Registration in Optometry*, 370 Mass. 476, 478 (1976). The judge concluded that the defendants' interpretation of the regulation was inconsistent with the plain meaning of the regulation and that the plaintiffs therefore did not violate 103 Cedar Junction § 403 by wearing the necklaces with an ANC medallion. The judge set aside the findings of the disciplinary board and expunged the plaintiffs' records of the infractions related to the wearing of necklaces with an ANC medallion. There was no error.

After concluding that the regulations did not prohibit the wearing of necklaces with an ANC medallion, the judge further analyzed the question presented under art. 16 and the First Amendment. We do not decide constitutional questions unless they must necessarily be reached. See *Commonwealth* v. *Paasche*, 391 Mass. 18, 21 (1984); *Lockhart* v. *Attorney Gen.*, 390 Mass. 780, 784 (1984). Even though "the judge's ruling . . . was based on . . . constitutional rights, . . . this court is not likely to resolve an issue on constitutional grounds if the court may dispose of it by a consideration of rights created by statute and agency regulation." *Matter of McKnight*, 406 Mass. 787, 797 (1990). Because the regulation did not prohibit the wearing of necklaces with an ANC medallion, we do not reach the constitutional questions.

The case is remanded to the Superior Court for a declaration that the regulations do not prohibit inmates from wearing African National Congress medallion necklaces.

*So ordered.*