NOTICE:  All slip opinions and orders are subject to formal
revision and are superseded by the advance sheets and bound
volumes of the Official Reports.  If you find a typographical
error or other formal error, please notify the Reporter of
Decisions, Supreme Judicial Court, John Adams Courthouse, 1
Pemberton Square, Suite 2500, Boston, MA, 02108-1750; (617) 557-
1030; SJCReporter@sjc.state.ma.us

13-P-1844                                          Appeals Court


 MICHAEL DEXTER  vs.  SUPERINTENDENT, MASSACHUSETTS CORRECTIONAL
                      INSTITUTION, CONCORD.


                         No. 13-P-1844.

       Middlesex.      March 9, 2015. - September 11, 2015.

            Present:  Green, Trainor, & Carhart, JJ.

Imprisonment, Enforcement of discipline.  Administrative Law,
     Regulations.  Regulation.


     Civil action commenced in the Superior Court Department on
September 10, 2012.

     The case was heard by Peter B. Krupp, J., on motions to
dismiss and for summary judgment, and a motion to reconsider or,
in the alternative, to alter or amend the judgment was
considered by him.


     Joan T. Kennedy for the defendant.


     TRAINOR, J.  The plaintiff, Michael Dexter, was a pretrial

detainee in custody at the Massachusetts Correctional

Institution at Concord (MCI-Concord) for at least part of 2012.[1]

The plaintiff filed a complaint seeking a declaration concerning

_____

     [1] During the pendency of this litigation the plaintiff was
tried, convicted, sentenced, and moved to another facility.

the property that pretrial detainees are allowed to possess at MCI-Concord. The defendant filed a motion to dismiss and the plaintiff filed a motion for summary judgment. A Superior Court judge denied the defendant's motion to dismiss and granted the plaintiff's motion for summary judgment, entering a declaratory judgment stating: "103 C.M.R. 403, et seq., shall apply to inmates awaiting trial at MCI-Concord and no such inmate awaiting trial shall be considered a 'transient inmate' within the definition of that phrase in 103 C.M.R. 403.06." The defendant filed a motion to reconsider, or in the alternative, to alter or amend the judgment, which was denied. This appeal followed.

On appeal we are asked to determine the proper interpretation and application of the inmate property regulation as it applies to pretrial detainees.[2]

Prison administrators are permitted "considerable discretion in the adoption and implementation of prison policies." Royce v. Commissioner of Correction, 390 Mass. 425,

---

[2] The parties agree that the requested interpretation is fundamentally a question of law. Both parties also agree that, despite the plaintiff being subsequently convicted, sentenced, and incarcerated, this matter falls within an exception to the mootness doctrine because it is "capable of repetition, yet evading review." Karchmar v. Worcester, 364 Mass. 124, 136 (1973), quoting from Southern Pac. Terminal Co. v. Interstate Commerce Commn., 219 U.S. 498, 515 (1911). A significant number of G. L. c. 276, § 52A, pretrial detainees are held in our State prison system.

427 (1983). "However, the limits of such discretion are established by the rules and regulations promulgated by the Department of Correction. Once an agency has seen fit to promulgate regulations, it must comply with those regulations. [A]gency regulations have the force of law." Ibid. (citations omitted). Here, the Department of Correction is bound by its "inmate property" regulation, as promulgated in 103 Code Mass. Regs. §§ 403.00 (2001) (the regulation).

The "Applicability" section of the regulation states that it is applicable to "all inmates, whether sentenced or awaiting trial, incarcerated at state correctional institutions." 103 Code Mass. Regs. § 403.04 (2001) (emphasis supplied). Section 403.04 makes it clear that pretrial detainees awaiting trial are considered to be inmates within the institution for the purposes of the inmate property regulation.

The "Definitions" section of the regulation provides that a transient inmate is "any inmate whose security classification has yet to be determined or who has not been assigned to a permanent housing location." 103 Code Mass. Regs. § 403.06 (2001). The "Approved Inmate Property by Security Level" section of the regulation first outlines items to which all inmates shall be provided access. 103 Code Mass. Regs. § 403.10(1) (2001). Additionally, § 403.10(4) (2001) provides:

"a master list of items approved for retention by inmates in general population in accordance with their security level.  This is not required issue and is for property purposes only.  Please refer to 103 DOC 755 for minimum institutional clothing issue.  Unless an inmate is transient, his security level is the same as the institution in which he is housed."[3]

This description is followed by a chart that details approved items for transient, boot camp, and inmates with security levels of one through six.

The defendant asserts that a pretrial detainee who is held pursuant to G. L. c. 276, § 52A, is considered a transient inmate under 103 Code Mass. Regs. §§ 403.00 (2001).[4]  "We ordinarily accord an agency's interpretation of its own regulation[s] considerable deference.  The party challenging an

---

[3] In addition, "[t]ransient inmates may retain the clothing worn during transportation so long as it meets security level property guidelines of the receiving institution."  103 Code Mass. Regs. § 403.09(2) (2001) (approved property for inmates being transported).  This does not mean however, that transient inmates are allowed property generally, according to the security classification of the receiving institution, and applies only to clothing worn during transportation.

[4] The plaintiff asserted below that the interpretation at issue in this case is not used consistently across the Department of Correction.  Cf. Connery v. Commissioner of Correction, 414 Mass. 1009, 1010 (1993) ("Because the interpretation now urged by the defendants was not contemporaneous with the enactment of the statute and is inconsistent with the contemporaneous [and long-standing] interpretation made by the agencies at the time of enactment, the Appeals Court correctly did not accord 'substantial deference' to the defendants' current interpretation").  It is the plaintiff's burden, however, to prove that the agency's interpretation is arbitrary.  As the Superior Court judge acknowledged, the plaintiff did not provide evidence to support such an assertion.

agency's interpretation of its own rules has a 'formidable burden' of showing that the interpretation is not rational." Ten Local Citizen Group v. New England Wind, LLC, 457 Mass. 222, 228 (2010) (citations omitted).  See Manor v. Superintendent, Mass. Correctional Inst., Cedar Junction, 416 Mass. 820, 824 (1994) ("We agree that agency interpretations of their own regulations are entitled to deference.  However, 'courts will not hesitate to overrule agency interpretations of rules when those interpretations are arbitrary, unreasonable, or inconsistent with the plain terms of the rule itself'") (citation omitted); TBI, Inc. v. Board of Health of N. Andover, 431 Mass. 9, 17 (2000), quoting from Brookline v. Commissioner of the Dept. of Envtl. Quality Engr., 398 Mass. 404, 414 (1986) ("We only disturb an agency's interpretation of its own regulation if the 'interpretation is patently wrong, unreasonable, arbitrary, whimsical, or capricious'"); Shelales v. Director of the Office of Medicaid, 75 Mass. App. Ct. 636, 640 (2009) ("Where ambiguities exist, a reviewing court must show deference to the experience, technical competence, specialized knowledge, and discretionary authority conferred upon the regulatory agency").

Here, nothing in the plain language of the regulation specifies that an inmate awaiting trial cannot be considered a transient inmate.  Pretrial detainees are defined as inmates

awaiting trial in § 403.04, and § 403.10 specifies property that <u>inmates</u> are allowed to access as determined by their security level.

A transient inmate is defined as an inmate whose "security classification has yet to be determined" or an inmate "who has not been assigned to a permanent housing location."[5]  103 Code Mass. Regs. § 403.06 (2001).  While classification as a pretrial detainee versus an inmate might otherwise be an important distinction to the Department of Correction, the regulation pertaining to property access rights clearly considers both categories to be inmates.  In addition, G. L. c. 125, entitled "Correctional Institutions of the Commonwealth," defines in § 1 "inmate" with respect to "this chapter and elsewhere here in the general laws, unless the context otherwise requires," as "a

---

[5] The Superior Court judge's focus on the word "yet" as necessarily excluding pretrial detainees is misplaced.  The judge reasoned that because only sentenced inmates can receive a security classification and only sentenced inmates can receive a permanent housing location, a transient inmate only can be a sentenced inmate.  The pretrial detainee therefore must be given property access rights equal to the security level of the institution in which he or she is being housed.

This logic, however, ignores the applicability section of the regulation which includes both individuals sentenced and those awaiting trial in the term "inmate."  To that end, the term "transient inmate" in this regulation necessarily applies to both individuals who are sentenced and those awaiting trial who have not completed one of the two processes identified.  Furthermore, this logic would assign a security level for property access purposes, as if the institution used for the purposes of pretrial detention were the inmate's permanent housing location.  This was error.

committed offender <u>or such other person as is placed in custody in a correctional facility in accordance with law</u>" (emphasis supplied).  G. L. c. 125, § 1, as appearing in St. 1972 c. 777, § 8.  The property regulation applies equally to all inmates, whether pretrial and unsentenced, sentenced but not yet classified, sentenced and classified, assigned to a permanent housing location, or not yet assigned to a permanent housing location.

It is reasonable to conclude that the regulation intended to have both those sentenced inmates, who have not completed the process of classification or been assigned a permanent housing location, and all pretrial detainees, who will not complete either of these processes unless and until they are found guilty and sentenced, included as transient inmates.  There is no other appropriate classification in the regulation for such an inmate: one who has neither gone through the classification process nor been assigned a permanent housing location.  All other property access categories require a security classification.  We defer, as the motion judge should have, to the defendant's reasonable interpretation of its own regulation.[6]  As the regulation states,

---

[6] Although the defendant was not required to proffer evidence that its interpretation was reasonable and based upon practical administrative and security considerations, the defendant did submit such evidence as part of its motion to reconsider or to alter and amend.  This evidence suggests it would be an administrative burden and create security risks to

103 Code Mass. Regs. §§ 403.00 (2001) applies to inmates awaiting trial.  An inmate awaiting trial is considered a transient inmate within the definition of that phrase in 103 Code Mass. Regs. § 403.06 (2001).

The defendant's motion to dismiss should have been allowed. The plaintiff's motion for summary judgment should have been denied.  Accordingly, the judgment is reversed, and the case is remanded for entry of judgment for the defendant.

So ordered.

---

implement the plaintiff's interpretation of the regulation in which pretrial detainees are considered to be "inmates in [the] general population" whose "security level is the same as the institution in which he is housed."  103 Code Mass. Regs. § 403.10(4) (2001).