The plaintiff, Edward G. Wright, appeals from the judgment dismissing his amended verified complaint under Mass.R.Civ.P. 12(b)(6), 365 Mass. 754 (1974).[3] Because Wright's complaint sets forth plausible allegations warranting relief under 42 U.S.C. § 1983, we reverse in part and affirm in part.
Background. In seeking to dispose of Wright's lawsuit, the defendants filed a motion to dismiss or, in the alternative, for summary judgment. The defendants supplemented their motion with the affidavit of defendant Shelley Williams, the operations captain of the Souza Baranowski Correctional Center (SBCC) mail room. In her affidavit, Williams responded to some of Wright's factual allegations and explained some of the defendants' decisions. The motion judge, however, treated the motion as a motion to dismiss under rule 12(b)(6) ; accordingly, he properly did not consider Williams's affidavit, and neither do we. We therefore recite the facts as alleged in Wright's complaint, which must be taken as true for the purpose of evaluating the motion to dismiss. See Edwards v. Commonwealth, 477 Mass. 254, 260 (2017).
Wright is an inmate at SBCC,[4] a facility of the defendant Department of Correction (department). On December 21, 2015, Wright's wife sent him eighteen photographs of herself dressed in a Santa hat and a thong bikini, with plastic red and green cover-ups placed over her areolas. The next day defendant Debbie Leabman, an SBCC mail room officer, sent Wright a contraband notice stating that the photographs contained sexually explicit material. Wright requested to view the photographs to determine whether to appeal their being withheld.
On January 11, 2016, Williams met with Wright. Williams told Wright he could have twelve of the eighteen photographs, but he could not have the other six. Wright agreed that two of the six photographs were sexually explicit, but pressed Williams on why he was not able to have the other four. When it was clear to Wright that he would not be allowed to have the four contested photographs, he informed Williams of his intent to appeal her decision. Williams said, "In that case, if you are not getting rid of them and are appealing, then you're not getting any of them."
Wright sent defendant Osvaldo Vidal, the SBCC superintendent, a written appeal of Williams's decision, claiming that he was being coerced to give up his rights under the First Amendment to the United States Constitution. Wright was ultimately allowed to have fourteen of the eighteen photographs. Four were withheld: the two that Wright conceded were sexually explicit, and two that he contested.
On February 1, 2016, Wright received a contraband notice disapproving of a news article regarding a judge granting a new trial for George Perrot, which a friend had sent him. On February 6 and April 5, 2016, Wright received contraband notices disapproving of two sets of home-printed color photographs. Wright appealed the withholding of these materials to Vidal but never received a reply.
In his complaint, Wright sought injunctive relief against the defendants for their continued withholding of the two contested photographs of his wife and the other papers, and a declaration that he had a First Amendment right to possess these materials. Wright also alleged claims against the individual defendants under § 1983 for violation of his First Amendment rights; he also claimed intentional infliction of emotional distress. Lastly, Wright asserted a claim against Williams under the Massachusetts Civil Rights Act, G. L. c. 12, §§ 11H, 11I (MCRA).
Discussion. To withstand a motion to dismiss, a plaintiff's complaint must set forth "factual 'allegations plausibly suggesting (not merely consistent with)' an entitlement to relief." Iannacchino v. Ford Motor Co., 451 Mass. 623, 636 (2008), quoting from Bell Atl. Corp. v. Twombly, 550 U.S. 544, 557 (2007). "We review the denial of a motion to dismiss de novo, accepting the facts alleged in the complaint as true and drawing all reasonable inferences in the plaintiff's favor." Edwards, 477 Mass. at 260.
1. Section 1983. In general, to make out a valid claim under § 1983, a plaintiff must allege that some person has deprived him of a Federal constitutional right. See Brum v. Dartmouth, 428 Mass. 684, 698 (1999) ; Aponte-Torres v. University of Puerto Rico, 445 F.3d 50, 55 (1st Cir. 2006). Wright alleges that the defendants acted arbitrarily and capriciously, and in violation of his First Amendment rights, by denying him materials that he is permitted to receive under the department's inmate mail and property regulations.
Prisoners retain their First Amendment rights while incarcerated. See Turner v. Safley, 482 U.S. 78, 84 (1987) ("Prison walls do not form a barrier separating prison inmates from the protections of the Constitution"). "Regulations, policies, or practices that restrict the written correspondence or mail of prisoners no doubt implicate the First Amendment's guarantee of freedom of speech." Commonwealth v. Jessup, 471 Mass. 121, 129 (2015). To be valid, such regulations must be "reasonably related to legitimate penological interests." Id. at 130-131, quoting from Turner, supra at 89. But even if a regulation is valid, a plaintiff "could show it to be wholly irrational in its application." Moses v. Dennehy, 523 F. Supp. 2d 57, 61 (D. Mass. 2007), aff'd sub nom. Josselyn v. Dennehy, 333, Fed. App. 581 (1st Cir. 2009). See Turner, supra at 89-90 (prison regulation cannot withstand constitutional scrutiny if "the logical connection between the regulation and the asserted goal is so remote as to render the policy arbitrary or irrational").
We conclude that Wright asserted a plausible claim that he is entitled to relief. He alleges that the defendants arbitrarily and capriciously, and in Williams's case, vindictively, withheld materials from him. The defendants contend that the materials were all withheld in compliance with 103 Code Mass. Regs. § 481.15(2)(g) (2002), which is a constitutionally valid prison regulation. See Moses, supra at 63. Wright's claim, however, lies not with the constitutionality of the regulation, but rather with its arbitrary application as to him. "We agree that agency interpretations of their own regulations are entitled to deference. However, 'courts will not hesitate to overrule agency interpretations of rules when those interpretations are arbitrary, unreasonable, or inconsistent with the plain terms of the rule itself.' " Manor v. Superintendent, Mass. Correctional Inst., Cedar Junction, 416 Mass. 820, 824 (1994), quoting from Finkelstein v. Board of Registration in Optometry, 370 Mass. 476, 478 (1976).
The defendants assert that the seizure of Wright's photographs was within their broad discretion as prison administrators. However, "[p]rison officials may not escape liability simply by declaring that deference is owed to their security determinations." Moses, supra at 61, quoting from Shaheed-Muhammad v. Dipaolo, 393 F. Supp. 2d 80, 104 (D. Mass. 2005). At the motion to dismiss stage, we are unable to give blanket deference to the defendants' exercise of discretion.[5] It may well be that the defendants had valid reasons to withhold the challenged materials, but this is a question that must be resolved after further factual development.[6]
2. Remaining claims. We agree with the department that it is not liable for monetary, declaratory, or injunctive relief under § 1983 or the MCRA. See Commonwealth v. ELM Med. Labs., Inc., 33 Mass. App. Ct. 71, 76-80 (1992) (Commonwealth and its agencies not subject to suit under MCRA); Kentucky v. Graham, 473 U.S. 159, 167 n.14 (1985) (State or State agency "cannot be sued directly in its own name regardless of the relief sought"); Poirier v. Massachusetts Dept. of Correction, 558 F.3d 92, 97 & n.6 (1st Cir. 2009) (department protected by sovereign immunity with respect to § 1983 claim for prospective injunctive relief).[7]
We also agree that the MCRA claim against Williams was correctly dismissed. While Wright has alleged that Williams acted vindictively against him, he has not alleged that he was deprived on any rights through threats, intimidation, or coercion within the meaning of the MCRA. See Planned Parenthood League of Mass., Inc. v. Blake, 417 Mass. 467, 474 (1994). Although Wright claims that Williams attempted to coerce him into giving up his appellate rights, he was not coerced; he proceeded to exercise those rights. Nor has Wright alleged the type of "extreme and outrageous" conduct necessary to make out a claim for intentional infliction of emotional distress. Agis v. Howard Johnson Co., 371 Mass. 140, 145 (1976).
Finally, on the record before us, the defendants are not entitled to dismissal on the basis of qualified immunity. Wright alleges that the defendants randomly or maliciously withheld mail from him in violation of the department's regulations. Reasonable prison officials would have known that they could not do this. See Longval v. Commissioner of Correction, 448 Mass. 412, 418-419 (2007). If, upon further factual development, it appears that the defendants' contraband decisions complied with the department's regulations, or even presented a close question, then the defendants are free to revive their qualified immunity defense.
Conclusion. So much of the judgment as dismissed Wright's claims against the individual defendants under § 1983 is reversed. The remainder of the judgment is affirmed.
So ordered.
Reversed in part; affirmed in part.

The plaintiff also appeals from the order denying his motion for reconsideration, for relief from judgment, or to alter or amend.

The motion judge noted that sometime after Wright filed his amended verified complaint he was transferred to another correctional institution, effectively mooting his claims for injunctive and declaratory relief. However, Wright was transferred back to SBCC and has been there since January 1, 2017. Therefore, his claims for injunctive and declaratory relief are not moot.

At oral argument, when asked what distinguished the two contested photographs of Wright's wife from the fourteen he was allowed to keep, counsel for the defendants responded that she was "not specifically sure." We cannot accept the defendants' suggestion that we should simply assume they properly applied the regulations.

As noted at the outset, under rule 12(b)(6) we cannot consider the explanations given in Williams's affidavit, nor her factual assertion that certain of the contested materials were later returned to Wright (an assertion that he denied at oral argument).

A plaintiff may obtain injunctive or declaratory relief against public officials acting in their official capacity. "As long as the government entity receives notice and an opportunity to respond, an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity." Graham, supra at 166.